**UNITED STATES of America,**

v.

**Martin SCOTT.**

**No. 2:95CR72–08.**

United States District Court,
D. Vermont.

Feb. 9, 1998.

**50**

David J. Williams, Sleigh & Williams, St. Johnsbury, for Martin Scott.

Gary G. Shattuck, Rutland, VT, David V. Kirby, Asst. U.S. Atty., Office of the United States Atty., Burlington, VT, for U.S.

## MEMORANDUM AND ORDER: LIMINE

SESSIONS, District Judge.

The Government has noticed its intention to introduce at trial, pursuant to Fed.R.Evid. 404(b), statements made by William Greer describing Defendant Martin Scott's involvement in shipping marijuana from Jamaica to Florida. The Government also seeks to introduce Scott's 1995 conviction for conspiracy to distribute and possession with intent to distribute marijuana. Scott filed a Motion to Exclude such evidence. For the reasons stated below, Scott's motion is granted.

### I. Jamaica-Florida Shipments

The Government has proffered the testimony of Michael Johnson. William Greer had told Johnson sometime in the 1980's that Scott admitted using a sailboat to ship marijuana from Jamaica to Florida on a number of occasions. The Government seeks to introduce such testimony to prove knowledge of marijuana distribution on Scott's part.

In assessing whether other act evidence is relevant to knowledge under Rule 404(b), courts look to the similarity of fact patterns between such other evidence and the instant charges: "Probative value is dependent on the existence of a 'close parallel' between the crime charged and the acts shown." *United States v. Corey,* 566 F.2d 429, 431 (2d Cir.1977)(quoting *United States v. Chestnut,* 533 F.2d 40, 49 (2d Cir.1976)).

The Jamaica–Florida shipments bear little similarity to the instant charges. The dates of the shipments to Florida are uncertain. Scott's alleged role in this conspiracy differs substantially from transporting marijuana from Jamaica to Florida, since the government's evidence in the instant offense limits his participation primarily to assisting in the off-loading of hashish in 1989 and 1991. There is no direct evidence linking marijuana Scott brought into Florida and this conspiracy. Furthermore, testimony that Scott admitted to transporting drugs into the country is highly prejudicial, especially in light of the limited role he may have played in the off-load.

The Court finds that the allegations that Scott transported marijuana from Jamaica into Florida are offered to prove propensity to commit drug-related offenses, that such evidence has only minimal probative value to establish Scott's knowledge of the conspiracy, and that the prejudicial impact of such testimony substantially outweighs its probative value. Introduction of such evidence is denied based upon Rule 404(b) and 403.

### II. *1995 Distribution Conviction*

In December 1995 Scott was convicted of conspiracy to distribute and possession with intent to distribute marijuana in the Eastern District of New York. The conviction stemmed from a conspiracy to distribute marijuana between October 1993 and November 1994. Scott received a 70 month sentence.

The conspiracy which led to Scott's 1995 conviction had no relationship to the instant charges. With the exception of Scott, none of the same players were involved in the New York conspiracy. The New York offense

took place well after the instant conspiracy had ended, involved only marijuana, and did not involve the importation or export of drugs. Scott's role was completely different in the New York charges, since he was charged with being involved in the distribution scheme as opposed to off-loading drugs from a boat.

The Court finds that facts underlying the New York conviction are sufficiently dissimilar to the instant indictment to provide little probative value. The prejudicial impact of such evidence substantially outweighs its probative value. The Court denies the Government's request to permit introduction of such testimony based on Rules 404(b) and 403.